IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL F. CORTELLESSA and | : | CIVIL ACTION |
| ERIN E. CORTELLESSA | : | NO. 14-7250 |
| | : | |
| v. | : | |
| | : | |
| UDREN LAW OFFICES P.C., | : | |
| MARK UDREN, ESQUIRE, | : | |
| NATIONSTAR MORTGAGE LLC and | : | |
| OCWEN LOAN SERVICING LLC | : | |

O'NEILL, J.                                                                                           December 1, 2015

**MEMORANDUM**

Plaintiffs Michael Cortellessa and Erin Cortellessa have sued Udren Law Offices P.C., Mark Udren, Esq., Nationstar Mortgage LLC and Ocwen Loan Servicing LLC for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. Plaintiffs have also sued all defendants for alleged violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1, et seq., and the Pennsylvania Fair Credit Extension Uniformity Act (FCEUA), 73 P.S. §§ 2270.1, et seq. Defendants Ocwen and Nationstar have moved to dismiss plaintiffs' complaint (Dkt. No. 1) under Federal Rule of Civil Procedure 12(b)(6).[1] Presently before me are Ocwen's motion to dismiss (Dkt. No. 4), Nationstar's motion to dismiss (Dkt. No. 8), plaintiffs' response to Ocwen (Dkt. No. 12), plaintiffs' response to Nationstar (Dkt. No. 14), Ocwen's reply (Dkt. No. 15), Nationstar's reply (Dkt. No. 16) and plaintiffs' sur-reply to Nationstar (Dkt. No. 17). For the following reasons, I will grant Ocwen's motion to dismiss. I will also grant Nationstar's motion to dismiss.

---

[1] Plaintiffs have not filed proof of service of the summons and complaint upon defendants Udren Law Offices or Mark Udren. Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").

BACKGROUND

Plaintiffs allege violations of the FDCPA, UTPCPL and FCEUA arising out of a mortgage agreement they entered into on August 8, 2007.  Dkt. No. 1 at ¶ 16.  Plaintiffs allege that their mortgage was assigned to defendant Ocwen on February 8, 2012.  Id. at ¶ 18.  Plaintiffs maintain that Ocwen filed a mortgage foreclosure action against them in state court on February 20, 2012.  Id. at ¶¶ 19-20.  On March 4, 2013, plaintiffs and Ocwen "arrive[d] at an agreement to pay all arrears on the mortgage directly from the [p]laintiffs to Ocwen."  Id. at ¶ 22.

Plaintiffs contend that they "completed all payments under the agreement, and continued to make all mortgage payments as they came due."  Id. at ¶ 25.  They allege that Ocwen nonetheless sent them a notice through defendant Udren Law Offices asserting that Ocwen would seek foreclosure "despite being paid all due payments and being informed of their repeated errors by counsel for the [p]laintiffs."  Id. at ¶ 26.  Plaintiffs' counsel allegedly received another notice from Udren Law Offices on April 17, 2013 "acknowledg[ing] that the letters stating there was a default were in error" and would be withdrawn.  Id. at ¶ 27.  However, plaintiffs contend that a default judgment was entered for Ocwen and against plaintiffs on July 1, 2013 in the state foreclosure proceeding.  Id. at ¶ 28.

Plaintiffs maintain that on or about May 31, 2013, before the default judgment was entered, Ocwen assigned plaintiffs' mortgage to defendant Nationstar.  Id. at ¶ 29; Dkt. No. 1-1 at ECF p. 7-8.  On December 10, 2013, Ocwen allegedly assigned the July 2013 default judgment to Nationstar.  Dkt. No. 1 at ¶ 36.  Plaintiffs contend that Nationstar then "commenced yet another foreclosure action" against them.  Id. at ¶ 38.

Plaintiffs allege that at some point after January 2014, "the [d]efendants did contact . . . the [p]laintiffs by telephone at least once per week for multiple months, despite knowing that the

[p]laintiffs were represented by counsel." [2] Id. at ¶ 40.  Plaintiffs also contend that Nationstar sent them letters on May 31, 2013, June 21, 2013, February 13, 2014, June 11, 2014 and June 27, 2014.  Id. at ¶ 46; Dkt. No. 1-1 at ECF p. 10-31, 42.

Finally, plaintiffs allege that they suffered a fire at their mortgaged property on September 5, 2013.  Dkt. No. 1 at ¶ 33.  Plaintiffs maintain that the property has not been fully repaired and is worth twenty-five percent of its original value "[i]n large part due to the actions of the [d]efendants."  Id. at ¶ 34.  Plaintiffs claim that they are still being charged $350.00 monthly premiums for fire insurance "which is booked through . . . Ocwen and/or Nationstar."  Id. at ¶ 35.

Plaintiffs filed their complaint on December 23, 2014.  Plaintiffs assert three counts against all defendants.  Count I alleges violations of three provisions of the FDCPA, 15 U.S.C. §§ 1692b(6), 1692e(2) and 1692f.  Id. at ¶¶ 2-4, 42-49.  Count II alleges violations of two provisions of the UPTCPL, 73 P.S. §§ 201-2(xxi) and 201-3.  Id. at ¶¶ 5, 50-54.  Count III alleges violations of two provisions of the FCEUA, 73 P.S. §§ 2270.4(a) and (b).  Id. at ¶¶ 6-8, 55-62.  Plaintiffs maintain that all defendants are debt collectors as defined by the FDCPA.  Id. at ¶ 15.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief

---

[2] Plaintiffs' complaint is replete with references to "the defendants" without specifying which defendant(s) took specific actions.  See Dkt. No. 1 at ¶¶ 34-35, 39, 40-41, 43-45, 47-48, 51-53, 56-57, 60-61.

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). This "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Id. at 556. The Court of Appeals has made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679. The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

4

## DISCUSSION

### I. FDCPA Claims

Plaintiffs claim that Ocwen and Nationstar violated the FDCPA. The purpose of the FDCPA is to protect debtors from "abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To state a claim under the FDCPA, a plaintiff must establish that "(1) [he or she] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." [3] Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014).

The FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Debt collectors may not use false or deceptive debt collection practices, including falsely representing "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Debt collectors who know that a consumer is represented by counsel may not communicate with any person other than the consumer's attorney "for the purpose of acquiring location information about the consumer . . . unless the attorney fails to respond within a reasonable period of time to communication from the debt collector." 15 U.S.C. § 1692b(6).

Claims to enforce provisions of the FDCPA must be brought "within one year from the

---

[3] The FDCPA defines a debt collector as a person "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). An assignee of an obligation, such as a creditor, "may be deemed a 'debt collector' if the obligation is already in default when it is assigned." Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000).

date on which the violation occurs." 15 U.S.C. § 1692k(d).  When an FDCPA claim is based on wrongful pursuit of debt collection litigation, the statute of limitations begins running, at the latest, on the date on which the purported debtor is served with process.[4]  See Schaffhauser v. Citibank, 340 F. App'x 128, 130–31 (3d Cir. 2009) (per curiam).

### A. Defendant Ocwen

Defendant Ocwen argues that plaintiffs' FDCPA claims against it are time-barred on the face of the complaint.[5]  For the reasons that follow, I will grant Ocwen's motion to dismiss plaintiffs' FDCPA claims.

Under the "Third Circuit Rule," affirmative defenses that otherwise must be pleaded in an answer may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if "the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002), quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975).  Along with the complaint, I may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" to determine if plaintiffs have stated a claim upon which relief can be granted.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

Plaintiffs' complaint was filed on December 23, 2014.  In light of the FDCPA's one-year statute of limitations, plaintiffs would need to show that Ocwen engaged in false or deceptive debt collection practices after December 23, 2013 for their claim against Ocwen to proceed.

---

[4] Circuits differ on whether the FDCPA's statute of limitations in such cases runs from the date that the underlying collection suit was filed or from the date on which the purported debtor was served. See Naas v. Stolman, 130 F.3d 892, 893 (9th Cir. 1997); Johnson v. Riddle, 305 F.3d 1107, 1113 (10th Cir. 2002).  The Court of Appeals has not decided this question.

[5] Because I find that plaintiffs' claim against Ocwen based on the underlying state mortgage foreclosure litigation is time-barred, I need not address Ocwen's alternative argument about the applicability of res judicata.

First, plaintiffs claim that Ocwen engaged in allegedly wrongful mortgage foreclosure litigation against them in violation of the FDCPA.  Plaintiffs' complaint does not include the date on which they were served with process for the underlying mortgage foreclosure litigation, the latest date on which the statute of limitations would begin running.  See Schaffhauser, 340 F. App'x at 130–31.  However, the publicly accessible docket of plaintiffs' state mortgage foreclosure case, which plaintiffs attached in their response to Ocwen's motion, shows that they were served on February 28, 2012.  Dkt. No. 12-3 at ECF p. 1.  Thus, plaintiffs' FDCPA claim against Ocwen for wrongfully pursuing mortgage foreclosure litigation is time-barred.

Courts "should freely grant leave" to amend pleadings "when justice so requires."  Fed. R. Civ. P. 15(a).  However, if "the complaint, as amended, would fail to state a claim upon which relief could be granted" then granting leave to amend would be futile.  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  In this case, plaintiffs' complaint and public records demonstrate that plaintiffs were served in the underlying 2012 foreclosure action long before December 23, 2013.  Additionally, Ocwen has no foreseeable involvement in the case because it substituted Nationstar as its successor on December 10, 2013.  See Dkt. No. 15-1 at ECF p. 3.  Therefore, an attempt by plaintiffs to amend their complaint to re-assert allegations against Ocwen relating to ongoing foreclosure litigation would be futile.

Next, plaintiffs allege that "[d]efendants continue to charge the [p]laintiffs the same monthly premium for fire insurance" after a September 5, 2013 fire drastically reduced their home's value.  Dkt. No. 1 at ¶¶ 33-34.  Plaintiffs contend that the insurance was "booked through . . . Ocwen and/or Nationstar."  Id. at ¶ 35.  Plaintiffs' allegations are insufficient to permit me to attribute any misrepresentations to Ocwen as opposed to defendant Nationstar.

Further, it would be futile to permit plaintiffs to amend their complaint to specify the actor if plaintiffs' claim falls outside of the statute of limitations.  Nationstar argues that plaintiffs' insurance premium allegation is time-barred following the reasoning in Glover v. F.D.I.C., 698 F.3d 139 (3d Cir. 2012).  The Court of Appeals in Glover found that an FDCPA claim arose on the date that a defendant's representation of a plaintiff's debt became "objectively false."  698 F.3d at 150.  Nationstar argues that plaintiffs' fire insurance premiums became "objectively false" on the date of the fire, as the home lost substantial value immediately.  Dkt. No. 16 at ECF p. 3.  Plaintiffs maintain that because subsequent fire investigations and reconstruction planning "took many weeks and months" to complete, the date of the fire does not establish "the timing of the plaintiffs' apprehension" of false charges.  Dkt. No. 17 at ECF p. 2.

Contrary to plaintiffs' argument, the alleged misrepresentation of plaintiffs' premium became "objectively false" when plaintiffs' home objectively decreased in value — September 5, 2013 — rather than when plaintiffs subjectively comprehended any falsity.  See Angers v. Pennymac Loan Servs., LLC, No. 14-4701, 2014 WL 6668001, at *2 (D.N.J. Nov. 24, 2014) (holding that a plaintiff's FDCPA claim was time-barred because it began to accrue when the defendant objectively falsely represented that it had authority to make a loan modification for the plaintiff, not when the plaintiff made subsequent monthly payments).  Therefore, plaintiffs will not be permitted to amend their complaint with respect to the fire insurance premium allegations under the FDCPA against Ocwen or defendant Nationstar.

Plaintiffs' only remaining potential basis for an FDCPA claim against Ocwen — alleged weekly phone calls by "[d]efendants" who knew that plaintiffs were represented — does not

plead a violation of 15 U.S.C. § 1692b(6).[6]  Plaintiffs do not allege anywhere in their complaint that any defendant contacted them for the purpose of acquiring location information about them, the only basis for a violation of § 1692b(6).  Thus, I will grant Ocwen's motion to dismiss plaintiffs' § 1692b(6) claim.  I will grant plaintiffs leave to amend their complaint to the extent that they can plead sufficient facts to allege improper telephone communications by Ocwen after December 23, 2013.

### B.  Defendant Nationstar

Defendant Nationstar argues that plaintiffs' FDCPA claims against it are also time-barred on the face of the complaint.  For the reasons that follow, I will grant Nationstar's motion to dismiss plaintiffs' FDCPA claims.

Due to the FDCPA's one-year statute of limitations, plaintiffs may only proceed with well-pled allegations that Nationstar engaged in false or deceptive debt collection practices after December 23, 2013.  Plaintiffs may survive Nationstar's motion to dismiss by alleging that Nationstar independently violated the FDCPA within the statute of limitations or that Nationstar's conduct was "part of a continuing practice [where] the last act evidencing the continuing practice falls within the limitations period."  See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1295 (3d Cir. 1991).  However, the Court of Appeals has previously declined to extend the continuing violation doctrine to the FDCPA's one-year statute of limitations for claims of participation in ongoing debt collection litigation.  See Schaffhauser, 340 F. App'x at 131.

Plaintiffs contend that "[d]efendants," presumably including Nationstar, engaged in

---

[6] Plaintiffs also claim in a reply brief that Ocwen repeatedly failed to provide them with an accurate accounting of their alleged debt, but as this is not contained in their complaint, I cannot consider it.  See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988).

"continuing litigation against the [p]laintiffs without just or sufficient reason." Dkt. No. 1 at ¶ 37. Plaintiffs' complaint presently does not identify whether Nationstar's actions continued Ocwen's 2012 mortgage foreclosure litigation or whether Nationstar initiated separate mortgage foreclosure litigation. Because a claim against Nationstar for continuing Ocwen's 2012 litigation would be time-barred, plaintiffs must allege that Nationstar began new litigation against them after December 23, 2013 to proceed. See Schaffhauser, 340 F. App'x at 130–31. Thus, I will grant Nationstar's motion to dismiss plaintiffs' claims of improper continuing litigation. I will grant plaintiffs leave to amend their complaint to the extent that they are able to allege that Nationstar initiated new litigation against them in violation of the FDCPA after December 23, 2013.[7]

The remaining acts that plaintiffs attribute solely to Nationstar in their complaint are a series of letters that Nationstar sent to plaintiffs on February 13, 2014, June 11, 2014 and June 27, 2014 when Nationstar allegedly knew that plaintiffs were represented by counsel. Dkt. No. 1 at ¶¶ 45-46; Dkt. No. 1-1 at ECF p. 10-11, 15-31. Plaintiffs also allege that in January 2014, "[d]efendants" sent them "one or more written notices of their intent to foreclose" despite knowing that plaintiffs were represented by counsel. Dkt. No. 1 at ¶ 39. Plaintiffs contend that "[d]efendants" improperly contacted them by telephone "at least once a week for multiple months." Id. at ¶ 40. With these allegations, plaintiffs have failed to plead violations of 15 U.S.C. § 1692b(6) because plaintiffs do not allege that Nationstar improperly contacted them with the purpose of acquiring location information about them. Additionally, plaintiffs' allegations that "defendants" sent them written notices in January 2014 and contacted them by

---

[7] Because I will grant plaintiffs leave to amend their complaint, I do not need to address plaintiffs' argument that I should impose the extraordinary remedy of equitable tolling to allow plaintiffs to proceed in their case. See Dkt. No. 14 at ECF p. 4.

telephone are too vague to attribute any wrongdoing to Nationstar. I will grant plaintiffs leave to amend their complaint to the extent that they can allege sufficient facts to support FDCPA claims against Nationstar for improper mail and telephone communications after December 23, 2013.

## II. UTPCPL Claims

Defendants Ocwen and Nationstar argue that plaintiffs have failed to show either ascertainable loss or justifiable reliance as required to maintain their UTPCPL claims. For the reasons that follow, I will grant defendants' motions to dismiss plaintiffs' UTPCPL claims.

Pennsylvania's UTPCPL prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 P.S. § 201-3. The UTPCPL creates a "private right of action in persons upon whom unfair methods of competition and unfair or deceptive acts or practices are employed and who as a result, sustain an ascertainable loss." Toy v. Metro. Life Ins. Co., 928 A.2d 186, 190 n.4 (Pa. 2007), citing 73 P.S. § 201-9.2. The UTPCPL contains a list of specific unfair or deceptive acts or practices, as well as a "catch-all" provision that prohibits "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi). In order to recover under the UTPCPL, a plaintiff must show justifiable reliance on a defendant's wrongful conduct in order to prove that the plaintiff suffered an ascertainable loss "as a result of" a defendant's deception. Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 438 (Pa. 2004); see 73 P.S. § 201-2(4)(xxi). The existence of justifiable reliance "is typically a question of fact for the fact-finder to decide, and requires a consideration of the parties, their relationship, and the circumstances surrounding their transaction." Toy, 928 A.2d at 208. There are no exceptions to the UTPCPL's requirement of justifiable reliance. Hunt v. U.S. Tobacco Co., 538 F.3d 217, 221 (3d Cir. 2008). Justifiable reliance must be pled in a claim under the UTPCPL's catch-all provision. Id.

Plaintiffs claim that defendants "did commence and continue foreclosure litigation when they had no legal right to do so." Dkt. No. 1 ¶ 51. Plaintiffs allege that "[d]efendants . . . did attempt to collect funds they were not legally entitled to collect," including foreclosure costs, attorney's fees and higher fire insurance premiums "than [were] appropriate for the property after the fire loss." Id. Plaintiffs claim that their home has not been repaired "[i]n large part due to the actions of the [d]efendants." Id. at ¶ 34. Plaintiffs contend that they have "suffered financial loss as well as physical illness and/or mental stress and anguish." Id. at ¶ 52. One plaintiff has allegedly undergone medical treatment for "stress and anguish." Id. at ¶ 53.

First, plaintiffs' claims that Ocwen and Nationstar attempted to collect money from them through foreclosure proceedings do not demonstrate that plaintiffs justifiably relied on defendants' alleged misrepresentations. Plaintiffs do not state anywhere in their complaint that they have paid any allegedly misrepresented arrears to Ocwen or Nationstar. Instead, it appears that plaintiffs immediately recognized a discrepancy in defendants' demands because they not only believed that they had paid everything that was due but they also had their counsel inform Ocwen of its "repeated errors." See id. at ¶ 26. Plaintiffs have consistently contested the mortgage balance that defendants suggest they owe in state court proceedings. Plaintiffs have also contested payment of defendants' attorney's fees to as part of those foreclosure proceedings. Thus, I will grant Ocwen and Nationstar's motions to dismiss plaintiffs' UTPCPL claims for mortgage arrears and outstanding attorney's fees. I will grant plaintiffs leave to amend their complaint to the extent that they can plead sufficient facts to show that they suffered an ascertainable loss when they justifiably relied on Ocwen and/or Nationstar's alleged misrepresentations of their mortgage arrears and owed attorney's fees.

Further, plaintiffs' claims relating to their September 2013 fire similarly do not show

justifiable reliance on Ocwen or Nationstar's alleged misrepresentations. Plaintiffs do not claim to have paid fire insurance premiums in their complaint: they claim only that "[d]efendants continue to charge the [p]laintiffs the same monthly premium for fire insurance" after the fire. Dkt. No. 1 at ¶ 35. Plaintiffs also claim that "the property has still not been repaired" due to "the actions of the [d]efendants," without specifying how misrepresentations by either Ocwen or Nationstar contributed to the delay. Id. at ¶ 34. Plaintiffs include additional details regarding their alleged reliance on defendants' misrepresentations in their responses to defendants' motions to dismiss, but allegations appearing solely in briefs cannot amend plaintiffs' complaint. See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988). Therefore, I will grant Ocwen and Nationstar's motions to dismiss plaintiffs' UTPCPL claims regarding their fire insurance premiums.[8] I will grant plaintiffs leave to amend to the extent that they can plead sufficient facts to show that they suffered an ascertainable loss when they justifiably relied on Ocwen and/or Nationstar's alleged misrepresentations of their fire insurance premiums.

### III. FCEUA Claims

Plaintiffs claim that Ocwen and Nationstar violated the FCEUA. For the reasons that follow, I will grant defendants' motions to dismiss plaintiffs' FCEUA claims.

"The FCEUA is Pennsylvania's analogue to the FDCPA." Rubenstein v. Dovenmuehle Mortgage, Inc., No. 09-721, 2009 WL 3467769, at *5 (E.D. Pa. Oct. 28, 2009). A violation of the FDCPA constitutes a violation of the FCEUA. 73 P.S. § 2270.4(a). The FCEUA also independently prohibits creditors from directly contacting consumers who are represented by

---

[8] Additionally, plaintiffs may not recover the damages they seek for mental anguish and physical illness under the UTPCPL. The UTPCPL does not permit recovery for "anxiety, emotional distress, depression [or] aggravation of physical illness." Krisa v. Equitable Life Assur. Soc., 113 F. Supp. 2d 694, 706 (M.D. Pa. 2000). Plaintiffs have cited no authority suggesting that they may recover for treatment of emotional distress under the UTPCPL.

counsel in order to obtain location information about them. 73 P.S. § 2270.4(b)(1)(vi).

Because all of plaintiffs' claims against Ocwen and Nationstar under the FDCPA have been dismissed, I must also dismiss plaintiffs' FCEUA claims under 73 P.S. § 2270.4(a). Plaintiffs' claims that Ocwen and Nationstar improperly contacted them also fail because plaintiffs do not claim that defendants contacted them for the purpose of acquiring location information in violation of 73 P.S. § 2270.4(b)(1)(vi). To the extent that plaintiffs are able to plead sufficient facts to reassert a claim under the FDCPA in an amended complaint and/or sufficient facts to support a claim that defendants improperly contacted them under the FCEUA, plaintiffs may reassert their FCEUA claims against Ocwen and/or Nationstar.

## CONCLUSION

For the reasons stated above, I will grant defendant Ocwen's motion to dismiss plaintiffs' claims under the FDCPA, UTPCPL and FCEUA. To the extent that plaintiffs can plead sufficient facts upon which to do so, I will grant plaintiffs leave to amend their claim under the FDCPA of improper telephone communications. Plaintiffs may amend their claims under the UTPCPL of false or deceptive practices regarding plaintiffs' mortgage arrears, attorney's fees and fire insurance premiums. Plaintiffs may amend their claims under the FCEUA for improper telephone communications and parallel FDCPA violations.

I will also grant defendant Nationstar's motion to dismiss plaintiffs' claims under the FDCPA, UTPCPL and FCEUA. To the extent that plaintiffs can plead sufficient facts upon which to do so, I will grant plaintiffs leave to amend their claims that Nationstar made misrepresentations and communications that violated the FDCPA after December 23, 2013. Plaintiffs may amend their claims under the UTPCPL of false or deceptive practices regarding plaintiffs' mortgage arrears, attorney's fees and fire insurance premiums. Plaintiffs may amend

their claims under the FCEUA for improper telephone communications and parallel FDCPA violations.

An appropriate Order follows.