IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL F. CORTELLESSA and | : | CIVIL ACTION |
| ERIN E. CORTELLESSA | : | NO. 14-7250 |
| | : | |
| v. | : | |
| | : | |
| UDREN LAW OFFICES P.C., | : | |
| MARK UDREN, ESQUIRE, | : | |
| NATIONSTAR MORTGAGE LLC and | : | |
| OCWEN LOAN SERVICING LLC | : | |

**ORDER**

AND NOW, this 1st day of December, 2015, upon consideration of defendant Ocwen's motion to dismiss (Dkt. No. 4), defendant Nationstar's motion to dismiss (Dkt. No 8), plaintiffs' responses (Dkt. Nos. 12 and 14), Ocwen's reply (Dkt. No. 15), Nationstar's reply (Dkt. No. 16) and plaintiffs' sur-reply to Nationstar (Dkt. No. 17), and consistent with the accompanying memorandum of law, it is ORDERED that defendants' motions are GRANTED and plaintiffs' claims are DISMISSED.[1]

Plaintiffs may file an amended complaint on or before January 6, 2016. To the extent that they are able to allege sufficient facts to support their claims, plaintiffs are granted leave to amend their claims against Ocwen for: (1) improper telephone communications under the FDCPA; (2) false or deceptive practices regarding plaintiffs' mortgage arrears, attorney's fees and fire insurance premiums under the UTPCPL; and (3) improper telephone communications

---

[1] Two defendants remain in this action — Udren Law Offices P.C. and Mark Udren, Esq. However, the docket does not reflect that either of these defendants has been properly served with the complaint, filed on December 23, 2014. Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Accordingly, this Order shall serve as notice to plaintiffs that failure to properly serve Udren Law Offices or Mark Udren by January 6, 2016 shall result in dismissal of the complaint against them without prejudice.

and parallel FDCPA violations under the FCEUA.  To the extent that they are able to allege sufficient facts to support their claims, plaintiffs are granted leave to amend their claims against Nationstar for:  (1) improper telephone and mail communications and false or deceptive litigation practices occurring after December 23, 2013 under the FDCPA; (2) false or deceptive practices regarding plaintiffs' mortgage arrears, attorney's fees and fire insurance premiums under the UTPCPL; and (3) improper telephone communications and parallel FDCPA violations under the FCEUA.

                  *s/Thomas N. O'Neill, Jr.*
                THOMAS N. O'NEILL, JR., J.