IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL F. CORTELLESSA and | : | CIVIL ACTION |
| ERIN E. CORTELLESSA | : | NO. 14-7250 |
| | : | |
| v. | : | |
| | : | |
| UDREN LAW OFFICES P.C. and | : | |
| NATIONSTAR MORTGAGE LLC | : | |

O'NEILL, J.                                                                                           September 1, 2016

## MEMORANDUM

Plaintiffs Michael Cortellessa and Erin Cortellessa have sued Udren Law Offices P.C. and Nationstar Mortgage LLC for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. Plaintiffs have also sued Nationstar for alleged breach of contract and violations of the Pennsylvania Fair Credit Extension Uniformity Act (FCEUA), 73 P.S. §§ 2270.1, et seq. Nationstar moves to dismiss plaintiffs' amended complaint (Dkt. No. 22) under Federal Rule of Civil Procedure 12(b)(6).[1] Presently before me are Nationstar's motion to dismiss (Dkt. No. 27), plaintiffs' response (Dkt. No. 31), plaintiffs' supplemental brief (Dkt. No. 35) and Nationstar's reply (Dkt. No. 36). For the following reasons, I will deny Nationstar's motion.

## BACKGROUND

Plaintiffs' claims stem from foreclosure proceedings initiated in 2012 by plaintiffs' former mortgage servicer. Dkt. No. 22 at ¶ 6. Nationstar became plaintiffs' new mortgage servicer in May 2013. Id. at ¶ 11. Nationstar allegedly initiated a new foreclosure action against plaintiffs in August 2014, in which it claimed that plaintiffs owed a "Corporate Advance Balance" totaling $863.00. Id. at ¶ 15.

---

[1] Defendant Udren Law Offices P.C. filed an answer to plaintiffs' amended complaint at Dkt. No. 28.

Plaintiffs allege that on September 5, 2013, their property "was destroyed in large part by what was determined to be an electrical fire." Id. at ¶ 22. Thereafter, they maintain that Nationstar improperly billed them for "purported maintenance fees during 2014" until the fall of 2015 and that Nationstar improperly billed them for "property inspection fees and location searches" in 2014. Id. at ¶¶ 23-24. Plaintiffs allege that Nationstar "failed to inspect or maintain or locate anything to do with the property during 2014 and 2015" and that as a result, plaintiffs' township sued them for "lack of maintenance and [the] resultant nuisance." Id. at ¶ 25. Plaintiffs contend that "Nationstar refused to assist them in cleaning up the property and/or beginning to rebuild, or performing emergency tarping." Id.

Plaintiffs next allege that Nationstar re-appraised their home after the fire on some unknown date and recorded the appraisal with plaintiffs' local tax authorities but never notified plaintiffs of it. Id. at ¶ 28. Plaintiffs allege that they escrowed their mortgage payments "because the Defendants persisted in their unlawful practices," and that while they did, Nationstar paid for the property and school taxes and homeowner's insurance on plaintiffs' property and billed them monthly for these charges. Id. at ¶ 30. Plaintiffs maintain that Nationstar overcharged them each month from January 2014 until the present for payments calculated using the property's pre-fire appraisal value. Id. at ¶¶ 31-33.

Plaintiffs allege that Nationstar billed them for legal fees from January through October 2014 even though the only legal action Nationstar took with respect to the property in 2014 was to file a foreclosure complaint in August 2014, without pursuing it further. Id. at ¶¶ 34-35. Plaintiffs claim that they "recently issued a payment to Nationstar for all sums demanded in the amount of $47,025.15, including principal, interest, and all sums complained of herein" and that

they have been overcharged for an amount beyond "what the parties' contract permits." Id. at ¶¶ 36-37.

Plaintiffs claim that Nationstar "did not have a contractual basis for over-charging . . . the [p]laintiffs for their local school and property taxes, once it obtained a reduced assessment of the value of the property[] and the taxes decreased." Id. at ¶ 41. They maintain that Nationstar acted unconscionably when it "concealed" the tax reassessment from them and "did not pass on the tax savings to the consumer [p]laintiffs after the fire destroyed their home." Id. at ¶¶ 43-44.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). This "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Id. at 556. The Court of Appeals has made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556

they have been overcharged for an amount beyond "what the parties' contract permits." Id. at ¶¶ 36-37.

Plaintiffs claim that Nationstar "did not have a contractual basis for over-charging . . . the [p]laintiffs for their local school and property taxes, once it obtained a reduced assessment of the value of the property[] and the taxes decreased." Id. at ¶ 41. They maintain that Nationstar acted unconscionably when it "concealed" the tax reassessment from them and "did not pass on the tax savings to the consumer [p]laintiffs after the fire destroyed their home." Id. at ¶¶ 43-44.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). This "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Id. at 556. The Court of Appeals has made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556

U.S. at 678. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679. The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

**I.     FDCPA Claim**

Plaintiffs claim that defendants violated the FDCPA by charging them a non-itemized corporate advance balance in an August 2014 foreclosure action. Dkt. No. 22 at ¶ 14, 16-18. Plaintiffs argue that this charge constitutes "a deceptive and misleading misrepresentation that refers to attorney[']s fees and other costs." Id. at ¶ 17. Plaintiffs maintain that although their mortgage agreement permits Nationstar to charge attorney's fees and other fees, "[s]ince the legal services associated with foreclosure were not performed at the time of filing the [August 2014] foreclosure complaint" this balance is prohibited by the FDCPA. Id. at ¶ 20.

Plaintiffs rely on two provisions of the FDCPA. First, they cite 15 U.S.C. § 1692e, which states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." They also cite 15 U.S.C. § 1692f(1),

4

where the FDCPA prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

Nationstar contends that plaintiffs' FDCPA claim is time-barred because its August 2014 foreclosure complaint is an extension of litigation that had been ongoing since long before the FDCPA's one-year statute of limitations period began. Dkt. No. 27-1 at ECF p. 9. As plaintiffs point out, however, their FDCPA claim is not about Nationstar's attempt to collect their unpaid mortgage. See Dkt. No. 35 at ECF p. 3. Rather, plaintiffs' claim is limited to the issue of whether Nationstar "precisely identif[ied] the nature and character of [plaintiffs'] purported debt" when it brought the August 2014 action against them and listed a corporate advance balance as one of the charges they owed. See id. Thus, I find that plaintiffs' claim is not time-barred. See Jones v. Inv. Retrievers, LLC, No. 10-1714, 2011 WL 1565851, at *3 (M.D. Pa. Apr. 25, 2011) ("Conduct which independently violates the FDCPA is actionable if it falls within the limitations period, even if undertaken in pursuit of litigation that was filed outside the limitations period."); see also Brown v. Udren Law Offices PC, No. 11-2697, 2011 WL 4011411, at *6 (E.D. Pa. Sept. 9, 2011) (declining to dismiss plaintiffs' FDCPA claim where plaintiffs alleged that "[d]efendants falsely represented the character and legal status of the[ir] debt in multiple documents, several of which were filed within one year preceding the filings of [p]laintiff's [c]omplaint").

Nationstar next argues that plaintiffs do not allege sufficient facts to support their allegation that the corporate advance balance charge is deceptive because plaintiffs "provide[] nothing more than a mere inference of the possibility of misconduct." Dkt. No. 27-1 at ECF p. 7. Nationstar argues that plaintiffs' allegation is refuted by their own contention that Nationstar

charged them for legal fees in a different amount in October 2014.  Id.  Nationstar also argues that the corporate advance fee cannot be unauthorized because the parties' mortgage contract allows Nationstar to charge plaintiffs numerous types of fees, including attorney's fees, property inspection fees and valuation fees.  Id. at ECF p. 8.

Plaintiffs respond that the amount of legal fees for which they were billed in October 2014 "does not prove what Nationstar claimed them to be within the foreclosure complaint in August 2014, or what legal fee it charged to file the foreclosure complaint, or what it assessed in any other month during the year 2014."  Dkt. No. 35 at ECF p. 2.  Plaintiffs also note that they "do not disagree with th[e] possibility" that the corporate advance balance represents a fee or cost permitted under their mortgage contract.  Id.  Rather, plaintiffs argue that "it does not matter if it is a legitimate cost or a legal fee" because Nationstar failed to "precisely identify the nature and character of the purported debt to the plaintiffs."  Id. at 3.  Thus, plaintiffs contend that the "deceptive and confusing" nature of the corporate advance balance violates 15 U.S.C. § 1692e.

Nationstar insists that the corporate advance balance represents fees for property inspections and property preservation fees and attaches numerous documents which it claims are authentic and undisputed to supposedly explain what the corporate advance balance represents.[2]  Dkt. No. 27-1 at ECF p. 7; Dkt. No. 36 at ECF p. 3-4.  It argues that plaintiffs had already been "put on notice" by these documents of the charges for which they were responsible.   Dkt. No. 36 at ECF p. 3.  However, none of these documents provide an itemized breakdown that matches

---

[2] To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record. Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). "[A]n exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (citation and internal quotations omitted).

the corporate advance balance to explain how it was calculated or what was included within it.[3]

Plaintiffs rely on Dougherty v. Wells Fargo Home Loans, Inc., 425 F. Supp. 2d 599, 607 (E.D. Pa. 2006), to support their argument that the listed corporate advance balance violates the FDCPA, a case in which a plaintiff alleged that contested attorney's fees and costs had been charged to her as "recoverable corporate advances." The Dougherty Court noted that describing "contested fees as 'recoverable corporate advances' may be confusing and deceptive to an unsophisticated consumer" in finding that the plaintiff sufficiently stated a claim under 15 U.S.C. § 1692e. 425 F. Supp. 2d at 607.

Nationstar responds that "[t]his case is clearly distinguishable because the corporate advance balance referenced [in this case] does not contain any legal fees whatsoever." Dkt. No. 36 at ECF p. 2. However, it is irrelevant for the purposes of 15 U.S.C. § 1692e whether the corporate advance balance consisted of legal fees or a different type of fee. The issue here is whether plaintiffs have sufficiently alleged that Nationstar engaged in a "false, deceptive, or misleading representation" in violation of the FDCPA when it listed the corporate advance balance without further itemization as a charge owed by plaintiffs in the August 2014 foreclosure complaint. See Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 566 (7th Cir. 2004) ("It is unfair to consumers under the FDCPA to hide the true character of [a] debt, thereby impairing their ability to knowledgeably assess the validity of the debt. One simple way to comply with § 1692e

---

[3] For example, one of the supporting documents that Nationstar references is a mortgage proof of claim attachment which was filed in January 2013 containing an itemization of plaintiffs' outstanding charges at the time: there, no property preservation costs are listed and the property inspection costs are a different amount than what Nationstar represents plaintiffs owed. See Dkt. No. 36-3 at ECF p. 2-3.
    Nationstar also relies on an undated document provided by defendant Udren Law Offices to argue that plaintiffs knew what the corporate advance balance represented. See Dkt. No. 28-3. Even if I could rely on this external document at the motion to dismiss stage, this document does not explain how plaintiffs would have understood what the corporate advance balance stood for in August 2014.

and § 1692f in this regard [is] to itemize the various charges that comprise the total amount of the debt.").

Under the facts alleged here, it is unclear how plaintiffs would have known what costs the non-itemized corporate advance balance represented when the August 2014 foreclosure complaint was filed. See id. ("Even if [certain] fees are authorized by contract . . . and even if the fees are reasonable, debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined . . ."). Thus, plaintiffs have sufficiently alleged an FDCPA claim against Nationstar.

## II.     Breach of Contract Claim

In their amended complaint, plaintiffs raise a breach of contract claim against Nationstar that was not in their initial complaint. For the first time, they claim that Nationstar breached their contract by charging them unreasonable maintenance and inspection fees, overcharging them for local taxes and charging excessive legal fees. Dkt. No. 22 at ¶¶ 22-37. Nationstar moves to dismiss this claim solely on the ground that plaintiffs did not allege it in their first complaint, arguing that I did not "authorize" additional causes of action. See Dkt. No. 27-1 at ECF p. 11.

Plaintiffs argue that "Nationstar failed to cite any case law and/or rule of procedure that prohibits [them] from asserting related breach of contract claims within the[ir] amended complaint" and contend that they have adequately alleged a breach of contract claim against Nationstar. Dkt. No. 31 at ECF p. 9. I agree. My Order granting plaintiffs leave to amend their claims specified which claims plaintiffs were permitted to amend out of the numerous claims that were dismissed; it was not meant to preclude plaintiffs from bringing additional claims. See Dkt. No. 19.

Federal Rule of Civil Procedure 15(a)(2) permits amendment of claims with the court's leave "when justice so requires" and Nationstar has provided no authority that prevents plaintiffs from bringing a breach of contract claim against them. See Foman v. Davis, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test [the] claim on the merits.  In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'").  Plaintiffs' claim rests on allegations that they included in their original complaint.  See Dkt. No. 1 at ¶¶ 33-34, 51.  There is no sign that Nationstar has been disadvantaged by the addition of the new claim or prevented from adequately responding to it: Nationstar has now had an opportunity to provide authority and argue for the dismissal of plaintiffs' breach of contract claim on its merits.[4]  Plaintiffs have added their claim against Nationstar in an early stage of the litigation and have not delayed in bringing this claim in their amended complaint.  Thus, I will deny Nationstar's motion to dismiss plaintiffs' breach of contract claim.

## III.   FCEUA Claim

Finally, plaintiffs claim that Nationstar violated the FCEUA when it allegedly overcharged them for "local school and property taxes[] once it obtained a reduced assessment of the value of the[ir] property . . . and the taxes decreased." Dkt. No. 22 at ¶ 41.  Plaintiffs allege

---

[4] Nationstar provided both types of arguments to defend against plaintiffs' FCEUA claim but chose not to address the sufficiency of plaintiffs' breach of contract allegations. See Dkt. No. 27-1 at ECF p. 12-13.

that they "recently issued a payment to Nationstar for all sums demanded . . . including the principal, interest, and all sums complained of herein." Id. at ¶ 36.

"The FCEUA is Pennsylvania's analogue to the FDCPA." Rubenstein v. Dovenmuehle Mortgage, Inc., No. 09-721, 2009 WL 3467769, at *5 (E.D. Pa. Oct. 28, 2009). A violation of the FDCPA constitutes a violation of the FCEUA. 73 P.S. § 2270.4(a). Additionally, the FCEUA independently prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt" and collecting "any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 73 P.S. § 2270.4(b)(6)(i).

Nationstar moves to dismiss plaintiffs' FCEUA claim on the grounds that "[p]laintiffs have not remedied their defective FDCPA claim" and that plaintiffs improperly added a new basis for their FCEUA claim outside of the bounds of my prior Order granting them leave to amend their claims. Dkt. No. 27-1 at ECF p. 11-13. Because I found above that plaintiffs sufficiently pled their FDCPA claim against Nationstar, their FCEUA claim under 73 P.S. § 2270.4(a) survives dismissal as well. Additionally, I will not dismiss plaintiffs' FCEUA claim based on their addition of a new basis for recovery in their amended complaint for the same reasons that I will not dismiss their breach of contract claim.

Nationstar also argues that plaintiffs' FCEUA claim must be dismissed because they have failed to meet the elements required to state a claim. Specifically, Nationstar contends that plaintiffs have failed to plead justifiable reliance on its actions or an ascertainable loss. See Kern v. Lehigh Valley Hosp., Inc., 108 A.3d 1281, 1290 (Pa. Super. Ct. 2015) ("FCEUA claims . . . must plead that a plaintiff suffered an ascertainable loss as a result of a defendant's prohibited action.") (emphasis in original). Nationstar maintains that "[p]laintiffs have objected to the alleged excessive property taxes and have refused to make any of the payments demanded by

Nationstar" and that thus plaintiffs have "not relied upon Nationstar's alleged misrepresentations regarding [p]laintiffs' property taxes." Dkt. No. 27-1 at ECF p. 13. Plaintiffs respond that this argument is "misplaced" and that they need not meet these elements based on their interpretation of the statute. Dkt. No. 31 at ECF p. 10.

"The FCEUA . . . does not provide its own private cause of action; rather, it is enforced through the remedial provision of the [Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL)]." Kaymark v. Bank of Am., N.A., 783 F.3d 168, 182 (3d Cir. 2015). "If the FCEUA can only be enforced to the extent the UTPCPL's private remedy is invoked, then it follows that [a plaintiff] cannot state a claim for relief under the FCEUA" unless that plaintiff can show ascertainable loss "as a result of a defendant's prohibited action." Id. Thus, plaintiffs are mistaken: they must plead these elements to survive Nationstar's motion to dismiss. However, plaintiffs' allegation that they have paid all fees that Nationstar has charged them — including contested tax overcharges — is sufficient to meet this requirement at this stage. See Dkt. No. 22 at ¶ 36. I will therefore deny Nationstar's motion to dismiss plaintiffs' FCEUA claim.

An appropriate Order follows.