IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIN CORTELLESSA, et al.            :
                                     :        CIVIL ACTION
        v.                           :        NO. 14-7250
                                     :
UDREN LAW OFFICES P.C., et al.       :

O'NEILL, J.                                                    February 3, 2017

## MEMORANDUM

Plaintiffs Erin Cortellessa and Michael Cortellessa sued Udren Law Offices P.C. and Nationstar Mortgage, LLC for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. Dkt. No. 22 (Am. Compl., Count I). Plaintiffs also sued Nationstar for alleged breach of contract and violations of the Pennsylvania Fair Credit Extension Uniformity Act (FCEUA), 73 Pa. Stat. Ann. §§ 2270.1, et seq. (Am. Compl., Counts II and III). Plaintiffs argue that Udren violated § 1692e by using an ambiguous title for an itemized portion of their debt in a complaint filed in a foreclosure action. Presently before me are Udren's motion for summary judgment, Dkt. No. 46, plaintiffs' response, Dkt. No. 51, and Udren's reply, Dkt. No. 54. Because I find that any ambiguity in the name defendant used for this portion of the debt is immaterial, I will grant defendant's motion for summary judgment.

## BACKGROUND

Plaintiffs' claims stem from foreclosure proceedings initiated by defendant Udren Law Offices on behalf of Nationstar, a mortgage servicer.[1] Defendant filed a mortgage foreclosure complaint against plaintiffs in the Montgomery County Court of Common Pleas on August 19, 2014, in which it claimed plaintiffs had not made payments since March 1, 2013 and their mortgage was in default. Dkt. No. 46, Ex. E at ECF p. 31, ¶ 5. Plaintiffs were represented by

---

[1] For the purposes of this motion, I will refer to Udren as "defendant."

counsel, Diane Tosta, who was also served with the complaint. Dkt. No. 46, Ex. E at ECF p. 37.

The complaint alleged plaintiffs owed a "Corporate Advance Balance" totaling $863.00. Dkt. No. 46, Ex. E at ECF p. 32, ¶ 6. This was one of several itemized debts that defendant contended plaintiffs owed. The complaint alleged:

| | |
|---|---|
| Unpaid Principal Balance | $181,831.48 |
| Accumulated Interest | $10,622.53 |
| Escrow Deficit/(Reserve) | $2,314.04 |
| Corporate Advance Balance | $863.00 |
| Forbearance | $-61.04 |
| Grand Total | $195,570.01 |

Dkt. No. 46, Ex. E, at ECF p. 32 (Complaint in Mortgage Foreclosure, Aug. 19, 2014).

Initially, plaintiffs argued the "Corporate Advance Balance" was a charge for legal fees outside the scope of the contract. Id. at ¶¶ 34–37. However, in discovery, Nationstar produced evidence that the $863.00 was in fact for property inspections and preservation incurred by Nationstar on July 17, 2014. Dkt. No. 46, Ex. E (Affidavit of Nationstar Mortgage LLC in Support of Defendant Udren Law Offices P.C.'s Mot. for Summ. J.) ¶¶ 9, 10. These charges are within the scope of the mortgage contract. Dkt. No. 46, Ex. E at ECF p. 13 ¶ 7. Plaintiffs now argue that the name used for these requested expenses was confusing and amounted to a false representation of the "character, amount, or legal status" of their debt or the "services rendered or compensation which may be lawfully received" by the debt collector, in violation of Section 1692e of the FDCPA. Dkt. No. 51, 6.

## STANDARD OF REVIEW

Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of demonstrating that "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex, 477 U.S. at 322-23.  If the movant sustains its burden, the nonmovant must set forth facts demonstrating the existence of a genuine dispute.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  A dispute as to a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  A fact is "material" if it might affect the outcome of the case under governing law. Id.

> (A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) show[ ] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

To establish "that a fact cannot be or is genuinely disputed," a party must:

Fed. R. Civ. P. 56(c)(1).  The adverse party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions.  Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989).  The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against" the movant.  Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978) (citations and quotation marks omitted).

## DISCUSSION

Section 1692e of the FDCPA prohibits "a debt collector [from using] any false, deceptive, or misleading representation or means in connection with the collection of any debt,"

while § 1692f prohibits using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e, 1692f. Complaints in legal proceedings are subject to § 1692e and § 1692f. [2] Kaymark v. Bank of Am., N.A., 783 F.3d 168, 177–78 (3d Cir. 2015), citing Heintz v. Jenkins, 513 U.S. 291, 299 (1995). The question before me is whether a law firm that includes an allegation in a complaint that the plaintiffs owe a "Corporate Advance Balance" of $863 is misleading in violation of the FDCPA.[3] Plaintiffs argue that because the name for the itemized expense is susceptible to multiple meanings, some of which are false, it is materially misleading. I hold that the request is not materially misleading under the FDCPA because the statement would not impact the least sophisticated debtor's decisionmaking.

A debt collector's statement violates § 1692e if it "would *deceive* or *mislead* the least sophisticated debtor." Jensen, 791 F.3d at 420 (emphasis in original). Thus, a statement, even if

---

[2] As the Court of Appeals for the Ninth Circuit explained:
> [The defendant debt collector] caused [the plaintiff] to be served with the Complaint to further [the defendant's] effort to collect the debt through litigation. The Supreme Court in Heintz stated clearly that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, *even when that activity consists of litigation*." 514 U.S. at 299 (emphasis added). To limit the litigation activities that may form the basis of FDCPA liability to exclude complaints served personally on consumers to facilitate debt collection, the very act that formally commences such a litigation, would require a nonsensical narrowing of the common understanding of the word "litigation" that we decline to adopt.

Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1032 (9th Cir. 2010).

[3] As an initial matter, plaintiffs argue defendant waived the argument that the statement, if misleading, is not materially misleading because defendant did not raise materiality as a defense in its answer. Dkt. No. 51, 7; Fed. R. Civ. P. Rule 12(b). However, materiality is not an affirmative defense but an element of plaintiffs' case under § 1692e. In Jensen v. Pressler & Pressler, the Court of Appeals held that "the materiality requirement is simply another way of phrasing the legal standard we already employ when analyzing claims under § 1692e." 791 F.3d 413, 421 (3d Cir. 2015). "[T]he materiality requirement [is] a different way of expressing the least sophisticated debtor standard." Id. Thus, materiality under § 1692e is not an affirmative defense that a defendant must plead in its answer, and defendant is not barred from arguing that, to the extent the statement at issue here is misleading, it is not materially so.

4

misleading, "is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated debtor; in other words, it must be *material* when viewed through the least sophisticated debtor's eyes." Id. at 421 (emphasis in original), citing Donahue, 592 F.3d at 1033–34. "[I]mmaterial statements, by definition, do not affect a consumer's ability to make intelligent decisions." Id. at 1034; see also Jensen, 791 F.3d at 422.

Two Courts of Appeals addressed the mislabeling of itemized fees in a complaint and found it to be immaterial. In Donohue, the Court of Appeals for the Fourth Circuit determined that the mislabeling of charges in the complaint was not deceptive for purposes of liability "just because $ 32.89, labeled as 12% interest on principal, was actually comprised of finance charges of $ 24.07 and post-assignment interest of $ 8.82, but not labeled as such." Id. at 1033. At summary judgment, the court found that this mislabeling would not affect a least sophisticated debtor's decisionmaking and was therefore immaterial as a matter of law. Id.

Similarly, the Court of Appeals for the Seventh Circuit held that, where the plaintiff's debt was itemized by "interest due" and "amount due," but where some of the claimed debt under "amount due" was actually accrued in interest, it was not misleading or material. Hahn v. Triumph Partnerships LLC, 557 F.3d 755, 756–57 (7th Cir. 2009). In Hahn, the court noted that the collector "could have sent [the debtor] a letter demanding payment of $1,134.55 without saying where this figure came from" but that it instead provided "some extra detail" about the breakdown of the debt between the interest and the principal. Id. at 757. Even if the way the collector had itemized the debt was misleading, it was not materially so. Id.

Significantly here, defendants did not mislabel the debt so as to make it appear to describe something it was not. Although plaintiffs initially believed "Corporate Advance Balance" described attorneys fees, the term is too ambiguous to be fairly said to designate legal

5

expenses. Plaintiffs are correct that the term "Corporate Advance Balance" is subject to multiple interpretations, but there is no evidence that any of these interpretations could have reasonably impacted the least sophisticated debtor's ability to make an intelligent decision about how to respond to the complaint. Thus, in the context of the mortgage foreclosure complaint, defendant's mislabeling one of the fees was not materially misleading under the meaning of § 1692e. As plaintiffs make no separate argument that the statement violates § 1692f, which prohibits "the use of unfair or unconscionable means to collect or attempt to collect any debt," my conclusion as to the lack of evidence relating to the statement's misleading nature applies to both portions of the FDCPA in Count I.

      Plaintiffs cite Brown v. Card Service Center to support their contention that language that "can be reasonably read to have two or more different meanings, one of which is inaccurate" can result in liability under § 1692e. Dkt. No. 51, 6, citing Brown v. Card Serv. Ctr., 464 F.3d 450, 455 (3d Cir. 2006). But the statement in Brown assumes that the false alternative interpretations are material without discussing materiality. In Brown, the court held that the plaintiff's allegations about a letter from a debt-collector stated a claim under § 1692e as false, deceptive or misleading. Id. The letter stated, "Refusal to cooperate could result in a legal suit being filed for collection of the account . . . You now have five (5) days to make arrangements for payment of this account." Id. at 451–52. The defendant argued that its use of "could," rather than "would," made the statement true, even if it did not in fact make such referrals. Id. The court disagreed and held that "the least sophisticated debtor might get the impression that litigation or referral to a CSC lawyer would be imminent if he or she did not respond within five days" and thus did not dismiss the claim because the statement "could be deemed misleading." Id. at 455. The defendant in Brown did not argue that the alternative, deceptive interpretation of the statement

was not material, and thus the court did not discuss when a statement that is subject to inaccurate interpretations is *materially* misleading.  Therefore, Brown has no bearing on my holding that, despite its ambiguity, the term used by defendant here is not materially misleading.

Because I hold that defendant Udren is entitled to summary judgment on plaintiffs' FDCPA claim on this basis, I do not address defendant's other arguments.

An appropriate Order follows.